UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ANDREW DEANGELES,<br><br>Plaintiff,<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>AND<br><br>JOHN DOES(S)<br><br>Defendants. | ) | Case No. 25-369<br><br>Removed from the Lake Superior Court in Lake County, Indiana<br>Case No. 45D02-2505-CT-000626 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendant, Cargill, Incorporated ("Cargill"), by counsel, files this Notice of Removal and removes the above-captioned lawsuit from the Lake Superior Court of Lake County, Indiana.[1] In support, Cargill states as follows:

## I. PLEADINGS AND SERVICE

1. On May 16, 2025, plaintiff, Andrew DeAngeles ("Plaintiff"), commenced an action against Cargill and five John Does in Lake Superior Court, Lake County, Indiana. That action bears the same title as above and is docketed in the Lake Superior Court as Cause No. 45D02-2505-CT-000626 ("State Court Action"). Cargill received copies of the Complaint and Summons on July 14, 2025. Copies of the Complaint and Summons are attached hereto as **Exhibit A**.

2. In the State Court Action, Plaintiff seeks damages alleging theories sounding in premises liability, negligence, and product liability in connection with an alleged exposure to

[1] Cargill respectfully submits this Notice with full reservation of rights and without waiving any of its defenses under Federal Rule of Civil Procedure 12.

sulfur dioxide (“SO2”) at a Cargill facility while Plaintiff was working as an independent contractor. *See* Compl. ¶¶ 5-13.

3. To Cargill’s knowledge, there are no other processes, pleadings, or papers filed or served in the State Court Action to date.

## II. GROUNDS FOR REMOVAL

### A. Removal is Timely.

4. As noted above, Cargill received Plaintiff’s Summons and Complaint on July 14, 2025. Thus, this Notice of Removal is being timely filed within 30 days after Cargill received copies of the Complaint and Summons pursuant to 28 U.S.C. § 1446(b).

### B. Complete Diversity of Citizenship Exists Between the Parties.

5. Upon information and belief, Plaintiff is now, and was at the time of filing the Complaint, a citizen of the State of Indiana. *See* Compl. ¶1; Public Tax Records, attached hereto as **Exhibit B**.

6. Cargill is incorporated under the laws of the State of Delaware, with its principal place of business in Minnesota.

7. Plaintiff has named five unknown parties, “John Doe(s),” as additional defendants. However, “naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs.” *Howell by Goerdt v. Trib. Ent. Co*., 106 F.3d 215, 218 (7th Cir. 1997); *see also* 28 U.S.C. § 1441(b)(1) (“In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.”). As such, the citizenship of the John Does has no bearing on this Court’s consideration of the diversity of citizenship requirement.

8. Accordingly, complete diversity of citizenship exists between Plaintiff and Cargill.

**C. Amount in Controversy Exceeds $75,000.**

9. The amount in controversy, exclusive of interest and costs, exceeds $75,000 as required by 28 U.S.C. § 1332(a). When the complaint lacks a definitive recovery demand, "the removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

10. A defendant may establish the amount in controversy in several ways, including "by reference to the plaintiff's informal estimates or settlement demands." *Id*. (citing *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006)). In evaluating whether the amount in controversy requirement has been satisfied, the court is not strictly bound to the damages claimed in the plaintiff's pleadings. *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co*., 637 F.3d 827, 830 (7th Cir. 2011). As the "proponent of federal jurisdiction," the defendant is "entitled to present its own estimate." *Id*. In evaluating the defendant's estimate, the question of whether the amount in controversy exceeds the $75,000 jurisdictional minimum is a "prediction" and "not a fact." *Meridian Sec. Ins.,* 441 F.3d 536, 541. Again, the standard for evaluating the allegations put forth in a notice of removal is low: "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). The question is not whether the plaintiff is likely to prevail on an award of damages that large, but rather "what the plaintiff hopes to get out of the litigation[.]" *Rising-Moore*, 435 F.3d at 816.

11. Plaintiff's Complaint asserts serious personal injury claims, which courts within the Seventh Circuit have recognized facially meets the $75,000 jurisdictional threshold. *See Wragge v. Boeing Co*., 532 F. Supp. 3d 616, 624 (N.D. Ill. 2021) (allegations that plaintiff suffered short-term and long-term health effects including lung damage/scarring satisfied the amount in

controversy requirement); *see also Majchrzak v. Gap, Inc.*, No. 17-cv-06604, 2018 WL 2220292, at *3 (N.D. Ill. May 15, 2018) (allegations that plaintiff "'suffered severe and permanent injuries; has incurred and will incur substantial medical, hospital and therapy bills; has experienced and will in the future experience untold suffering[;] and has been deprived of the ability and capacity to attend most social and personal activities,' make it more likely than not that the amount in controversy exceeds the required minimum for diversity jurisdiction"); *Congdon v. Cheapcaribbean.com, Inc.*, No. 17 C 5502, 2017 WL 5069960, at *5 (N.D. Ill. Nov. 3, 2017) ("Plaintiffs' complaint explicitly requests damages for current and future 'pain, suffering, disability, disfigurement, loss of income, loss of a normal life, and medical expenses' as well as 'lost wages.' Such damages could easily exceed $75,000.").

12. Here, Plaintiff alleges being "seriously and permanently damaged," and demands damages for "past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, and all other relief." *See* Compl. ¶33. These damages allegations mirror those alleged in cases where courts within the Seventh Circuit have found the amount in controversy requirement satisfied on the face of the complaint. *See, e.g.*, *Wragge*, 532 F. Supp. 3d at 624; *Majchrzak*, 2018 WL 2220292, at *3; *Congdon*; 2017 WL 5069960, at *5.

**D. Venue is Proper in the Northern District of Indiana, Hammond Division.**

13. The United States District Court for the Northern District of Indiana, Hammond Division, includes Lake Superior Court, the court in which the action is currently pending. Thus, this Court is the proper venue for removal pursuant to 28 U.S.C. § 1441(a).

**E. Cargill Has Satisfied the Procedural Requirements for Removal.**

14. Contemporaneously with the filing of this Notice, Cargill is providing notice of the removal of this action to Plaintiff and to the Lake Superior Court by filing a "Removal Notice," together with a copy of this "Notice of Removal," in the Lake Superior Court and by serving copies of the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

15. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as **Exhibit C**.

## CONCLUSION

WHEREFORE, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and Cargill respectfully removes this action to the United States District Court for the Northern District of Indiana, Hammond Division, as an action properly removed under 28 U.S.C. §§ 1441 and 1446.

Dated: August 11, 2025

Respectfully submitted,

*/s/ Kristina A. Coleman*

Kristina A. Coleman, ESQ (Atty No. 34429-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Phone: (317) 237-1448
Facsimile: (317) 237-1000
kristina.coleman@faegredrinker.com

Ruben Gonzalez, ESQ *(Pro Hac Forthcoming)*
FAEGRE DRINKER BIDDLE & REATH LLP
320 S. Canal Street, Suite 3300
Chicago, Illinois 60606
Phone: (312) 356-5031
Facsimile: (312) 569-3000
ruben.gonzalez@faegredrinker.com

*Attorneys for Defendant Cargill, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on August 11, 2025, a copy of the foregoing was filed electronically. Notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. I also certify that the foregoing document was served upon the below counsel via electronic mail.

Michael J. Bruzzese (33756-49)
Smid & Merchant LLC
12115 Visionary Way, Suite 174
Fishers, IN 46038
Direct: (773) 350-9828
Fax: (317) 458-2086
mbruzzese@smidlaw.com

*Attorney for Plaintiff*

*/s/ Kristina A. Coleman*