45D02-2505-CT-000626
Filed: 5/16/2025 11:15 AM
Clerk
Lake Superior Court, Civil Division 2
Lake County, Indiana

| | |
|---|---|
| STATE OF INDIANA ) | IN THE LAKE SUPERIOR COURT |
| ) | |
| COUNTY OF LAKE ) | CAUSE NO. |

ANDREW DEANGELES, )
)
Plaintiff, )
)
v. )
)
CARGILL, INC., )
)
and )
)
JOHN DOE(s) )
)
Defendants. )

---

**Complaint for Damages**

Plaintiff, by counsel, for his Complaint against Cargill, Inc. and John Doe (s), states as follows:

1. At all relevant times, Andrew DeAngeles was a citizen and resident of Indiana.
2. At all relevant times, Cargill, Inc. was a corporation registered to do business in Minnesota, maintaining its primary offices at 15407 McGinty Rd. W, Wayzata, MN.
3. At all relevant times, Cargill, Inc. was licensed to conduct business in Indiana.
4. On information and belief, Defendant Cargill, Inc. may have knowledge, presently unobtainable by Plaintiff, of one, or more, John Doe defendants which John Doe(s) may have liability for having negligently inspected, maintained, repaired, or otherwise serviced, storage areas, tanks, and pipes which may have contributed to Plaintiff's injuries and/or failed to warn of a dangerous condition on Cargill, Inc.'s premises, and/or supplied, or otherwise placed into the

stream of commerce, faulty or unreasonably dangerous equipment which may have contributed to Plaintiff's injuries.

5. At all relevant times, Mr. DeAngeles was working as a pipe-fitter for Fluor Constructors.

6. Around early 2023, Cargill, Inc. hired outside contractor Fluor Constructors to perform repair and/or maintenance work at Cargill, Inc.'s facility located in Hammond, IN.

7. On or about May 17, 2023, Mr. DeAngeles was part of the team who arrived to perform repairs/maintenance at Cargill, Inc.'s facility located in Hammond, IN.

8. On or about May 17, 2023, Cargill, Inc.'s agents and/or employees gave a safety presentation to the Fluor team, including Mr. DeAngeles.

9. During that May 17, 2023, safety presentation, Cargill, Inc.'s agents and/or employees discussed the fact that some repair/maintenance work would have to occur in hazardous areas.

10. During that May 17, 2023, safety presentation, Cargill, Inc.'s agents and/or employees promised that if any outside contractor was going to be required to work in a hazardous area, then Cargill, Inc.'s agents and/or employees would perform a 'safety check' before allowing a contractor to enter that hazardous area.

11. The next day, May 18, 2023, Mr. DeAngeles returned to Cargill, Inc.'s facility located in Hammond, IN, to begin work.

12. On May 18, 2023, Cargill, Inc.'s agents and/or employees instructed Mr. DeAngeles that he would be working in a hazardous area.

13. The hazardous area Cargill, Inc. selected contained storage areas, tanks, and pipes, which, on information and belief, contained sulfur dioxide ("SO2").

14. SO2 is a colorless gas or liquid with a strong odor.

15. SO2 is a toxic chemical.

16. SO2 is damaging to the respiratory tract if inhaled and, additionally, reacts with water to produce either H2SO3 (sulfurous acid) or the even stronger H2SO4 (sulfuric acid) which are toxic.

17. Cargill, Inc.'s agents and/or employees knew or should have known that the pipes and/or storage containers of SO2 had a leak, allowing gaseous SO2 to contaminate the air.

18. Cargill, Inc.'s agents and/or employees told Mr. DeAngeles the hazardous area was safe and that he was clear to enter and begin work.

19. Mr. DeAngeles was exposed to these dangerous chemicals, inhaled them while attempting to perform his duties, and was seriously and permanently injured.

**Count I – Premises Liability**

20. Plaintiff incorporates the foregoing paragraphs by this reference as though fully set forth here.

21. All landowners owe a duty of reasonable care toward every person they invite onto their property.

22. Cargill, Inc. owed a duty of reasonable care to Mr. DeAngeles.

23. Cargill, Inc. breached that duty of reasonable care by, among other acts or omissions, failing to store the SO2 in manner in which its invitees would not be exposed, failing to warn of the presence of a hazardous gas in the atmosphere, failing to inspect the premises for leaks of hazardous materials, and failing to provide personal protective equipment sufficient to protect invitees from SO2 exposure. Cargill, Inc. is, therefore, liable to Mr. DeAngeles for its negligence.

24. As a direct result of Cargill, Inc.'s negligence, Mr. DeAngeles was seriously and permanently injured.

**Count II – Negligence**

25. Plaintiff incorporates the foregoing paragraphs by this reference as though fully set forth here.

26. The John Doe Defendnants owed a duty of reasonable care in the inspection, maintenance, or repair of Cargill's infrastructure.

27. The John Doe Defendants breached that duty by failing to inspect, maintain, or repair Cargill's infrastructure up to the standard of care.

28. As a result of the John Doe Defendants' negligence, Mr. DeAngeles was seriously and permanently damaged.

**Count III – Products Liability**

29. Plaintiff incorporates the foregoing paragraphs by this reference as though fully set forth here.

30. Mr. DeAngeles is a foreseeable user, subject to harm caused by any defective condition, of the infrastructure manufactured and/or sold or otherwise put into the stream of commerce by the John Doe Defendants.

31. The infrastructure was put into the stream of commerce in an unreasonably dangerous defective condition and/or with a design defect for which the John Doe Defendants failed to exercise reasonable care in designing the infrastructure and/or failed to provide adequate warnings or instructions.

32. The infrastructure was expected to, and did, reach Cargill, Inc. without substantial alteration to the condition in which it was sold by the John Doe Defendants.

33. As a result of the foregoing, Mr. DeAngeles has been seriously and permanently damaged.

WHEREFORE, Andrew DeAngeles demands judgment against Cargill, Inc. and the John Doe defendants for permanent injuries, past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses, lost wages and time, other special expenses, and all other proper relief.

**Jury Demand**

Mr. DeAngeles respectfully requests all issues be resolved by jury trial.

Respectfully submitted,

*/s/ Michael J. Bruzzese*

Michael J. Bruzzese (33756-49)
Smid & Merchant LLC
12115 Visionary Way
Suite 174
Fishers, IN 46038
317-845-6112
mbruzzese@smidlaw.com
*Attorney for Plaintiff*