UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDREW DEANGELES,<br><br>Plaintiff,<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>AND<br><br>JOHN DOE(S),<br><br>Defendants. | Case No. 2:25-cv-00369-AZ<br><br>Removed from the Lake Superior Court in Lake County, Indiana<br>Case No. 45D02-2505-CT-000626 |

**CARGILL, INCORPORATED'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Cargill, Incorporated ("Cargill"), states for its Answer to Plaintiff Andrew DeAngeles' Complaint as follows:

**ANSWER**

1. Cargill admits that Andrew DeAngeles is a citizen and resident of Indiana.

2. Cargill admits only that Cargill's principal place of business is located at 15407 McGinty Road West, in Wayzata, Minnesota and is registered with the Minnesota Secretary of State.

3. Cargill admits that it is registered to conduct business in Indiana.

4. Cargill denies the allegations in Paragraph 4 of the Complaint.

5. Cargill lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint, and therefore denies the same.

6. Cargill admits only that it contracts with Fluor Enterprises, Inc. for specific services, and that Fluor Enterprises, Inc. has performed services at Cargill's facility located in Hammond, Indiana. Cargill denies any remaining allegations it has not specifically admitted.

7. Cargill lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint, and therefore denies the same.

8. Cargill lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint, and therefore denies the same.

9. Cargill lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. Cargill lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint, and therefore denies the same.

11. Cargill lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12. Cargill lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. Cargill denies the allegations in Paragraph 13 of the Complaint.

14. Cargill lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. Cargill denies that SO2 is toxic at all concentrations.

16. Cargill lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint, and therefore denies the same.

17. Cargill denies the allegations in Paragraph 17 of the Complaint.

18. Cargill denies the allegations in Paragraph 18 of the Complaint.

19. Cargill denies the allegations in Paragraph 19 of the Complaint.

**COUNT I – PREMISES LIABILITY (CARGILL)**

20. Cargill incorporates by reference its responses to Paragraphs 1 through 19 as set forth fully herein.

21. Cargill states that Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, denied.

22. Cargill states that Paragraph 22 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, denied.

23. Cargill denies the allegations in Paragraph 23 of the Complaint.

24. Cargill denies the allegations in Paragraph 24 of the Complaint.

**COUNT II – NEGLIGENCE (JOHN DOE(S))**

25. Cargill incorporates by reference its responses to Paragraphs 1 through 24 as set forth fully herein.

26. The allegations in this paragraph pertain to a defendant other than Cargill and contain conclusions of law; therefore, no response is required. To the extent any response is required, Cargill is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies the same.

27. The allegations in this paragraph pertain to a defendant other than Cargill and contain conclusions of law; therefore, no response is required. To the extent any response is required, Cargill is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the same.

28. The allegations in this paragraph pertain to a defendant other than Cargill and contain conclusions of law; therefore, no response is required. To the extent any response is required, Cargill is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same.

## COUNT III – PRODUCT LIABILITY (JOHN DOE(S))

29. Cargill incorporates by reference its responses to Paragraphs 1 through 28 as set forth fully herein.

30. The allegations in this paragraph pertain to a defendant other than Cargill and contain conclusions of law; therefore, no response is required. To the extent any response is required, Cargill is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies the same.

31. The allegations in this paragraph pertain to a defendant other than Cargill and contain conclusions of law; therefore, no response is required. To the extent any response is required, Cargill is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies the same.

32. The allegations in this paragraph pertain to a defendant other than Cargill and contain conclusions of law; therefore, no response is required. To the extent any response is required, Cargill is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the same.

33. The allegations in this paragraph pertain to a defendant other than Cargill and contain conclusions of law; therefore, no response is required. To the extent any response is

required, Cargill is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies the same.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against Cargill upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by his own negligence and/or the negligence of other parties or non-parties.

3. Plaintiff failed to mitigate his damages.

4. Cargill did not breach its duty of care to Plaintiff.

5. Plaintiff incurred or assumed the risk of his alleged injuries and damages and the claims of Plaintiff should be barred or reduced accordingly.

6. If Plaintiff sustained damages as alleged, his damages were the result of intervening and/or superseding causes, and not as a result of any acts or omissions of Cargill.

7. Plaintiff's claims are barred because the alleged injuries, damages, and/or losses, if any, were caused by Plaintiff's pre-existing conditions, contemporaneous and/or subsequent unrelated conditions for which Cargill is not responsible.

8. If Plaintiff sustained injuries and damages as a result of exposure to SO2, as alleged in the Complaint, which Cargill expressly denies, the amount of any such exposure allegedly attributable to Plaintiff's purported injuries and damages was and is negligent in degree and amount and, hence, *de minimis*. Therefore, the Court should give no cognizance thereto and should deny Plaintiff any recovery against Cargill.

9. Recovery should not be allowed against Cargill with regard to failure to warn since, upon information and belief, at all times pertinent to Plaintiff's claims, Plaintiff possessed or should have possessed adequate knowledge, which negated any need for said warnings.

10. Cargill states that it currently has insufficient knowledge or information on which to form a belief as to whether it has additional unstated affirmative defenses. Therefore, Cargill expressly reserves the right to assert additional affirmative defenses based on facts and information obtained during discovery in this matter.

WHEREFORE, Cargill respectfully requests that Plaintiff takes nothing by way of his Complaint, and that Cargill be awarded costs and all other just and proper relief in the premises.

Respectfully submitted,

*/s/ Kristina A. Coleman*

Kristina A. Coleman (Atty No. 34429-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Phone: (317) 237-1448
Facsimile: (317) 237-1000
kristina.coleman@faegredrinker.com

Ruben Gonzalez (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Phone: (312) 356-5031
Facsimile: (312) 569-3000
ruben.gonzalez@faegredrinker.com

*Attorneys for Defendant Cargill, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on October 17, 2025, a copy of the foregoing was filed electronically. Notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.

*/s/ Kristina A. Coleman*