UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ANDREW DEANGELES,<br><br>Plaintiff,<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>AND<br><br>JOHN DOES(S)<br><br>Defendants. | ) | Case No. 2:25-cv-369 |

**REPORT OF PARTIES' PLANNING MEETING**

1. The parties conferred via electronic mail under Fed. R. Civ. P. 26(f) and agreed to this report on **February 3, 2026.** Michael Bruzzese participated for the plaintiff, and Ruben I. Gonzalez and Kristina Coleman participated for Defendant Cargill, Incorporated ("Cargill").

2. **Jurisdiction.**

The court has jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1332. The parties agree that removal from the state court action was proper because diversity jurisdiction exists. There is complete diversity amongst the parties and the amount in controversy exceeds $75,000. (Dkt. 1 at 2-4).[1] The parties also agree that venue is proper in the Northern District of Indiana, Hammond Division. (*Id.* at 4).

[1] Plaintiff named five unknown parties, "John Doe(s)," as additional defendants. However, "naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs." *Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997); *see also* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

3. **Pre-Discovery Disclosures.**

__**XX**__The parties will exchange, *but may not file*, Rule 26(a)(1) information by **March 2, 2026**.[2]

_______ This case is exempt from initial disclosure pursuant to Rule 26(a)(1)(B) for the following reason(s): [identify bases].

4. **Discovery Plan.**

The parties propose the following discovery plan:

Generally, the Parties will propound and respond to interrogatories, document requests, and requests for admission. After written discovery, the Parties anticipate that depositions will occur, followed by expert disclosures and expert depositions. "Perpetuation" depositions of a witness or party may be taken, when necessary, after an opportunity for the discovery deposition of any such witness or party.

The parties will collaboratively work on a proposed protective order.

Discovery will be needed on the following subjects:

A. **Plaintiff:** Discovery will encompass all issues raised in the pleadings, including Plaintiff's alleged injuries due to his exposure to toxic chemicals; Defendant's alleged failure to warn of toxic chemicals on the subject premises; Defendant's alleged failure to inspect the subject premises for toxic chemicals; Defendant's alleged failure to prepare the subject premises; Plaintiff's damages; and all related legal and factual issues. Discovery will also encompass all issues and defenses raised in Defendant's Answer.

B. **Defendant Cargill:** In addition to the above, discovery will encompass all allegations in Plaintiffs' Complaint and Cargill's factual and legal defenses to the same.

[2] The court encourages setting all deadlines on business days.

C. **Electronically Stored Information:** Although the parties do not anticipate significant discovery of Electronically Stored Information, disclosure or discovery of electronically stored information should be handled as follows:

i. General: Electronic discovery shall be produced to the requesting Party in a commercially reasonable manner. The producing party shall, absent objection and/or assertion of privilege, produce such documents by making a hard paper copy of such documents or by providing a scanned adobe PDF copy of the same flash drive, zip drive, CD, DVD or other file sharing program, by email or by other electronic means and the producing party need not initially produce such documents in electronic format.

ii. The requesting Party may, after receipt of the hard paper copy or scanned copy of electronically stored documents, and for good cause, notify the producing party that it wishes to have the documents produced in a format other than a hard paper or scanned Adobe PDF copy or, to examine the electronic data in the format in which it is stored (the "Subsequent Request").

iii. The requesting and producing parties shall discuss the Subsequent Request and attempt in good faith to resolve any issues between them. In the event the requesting and producing Parties cannot agree as to the production of documents pursuant to a Subsequent Request or, cannot agree as to any term or condition of such production, either Party may, by motion, seek the Court's resolution of such dispute.

iv. If a requesting Party requests examination of any hard drives, servers, computers, voice-mail systems, or other electronic devices or components, such disclosure shall be made in a commercially reasonable manner, and either party may petition

the Court to limit the scope of any request to produce ESI such that the burden on the parties is appropriate for the nature of this case.

v. Inadvertent Disclosure of Privileged Documents. If information is produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court, under seal if the court so allows, for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

vi. Preservation of Data: The Parties will take reasonable steps to preserve electronic data relevant to either Party's claims or defenses.

vii. Cost and Burden of Producing Electronic Discovery: Absent extraordinary circumstances and a showing of good cause, the following presumptions apply: (1) To the extent that the Parties request paper files or hard copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing Party bearing the cost of assembling the requests; (2) To the extent that a party requests to examine a hard drive, server, computer, voice-mail system or other electronic device or component, the parties will discuss on a case-by-case basis whether the Parties should engage in cost-sharing with respect to any specific request.

viii. Information Withheld: When a party withholds information otherwise discoverable by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

D. The last date to complete all discovery is **January 29, 2027**.

E. A maximum of **25** interrogatories by each party will help to focus and limit depositions.

F. A maximum of **30** requests for admission by each party will help to focus and limit depositions.

G. A maximum of **15** depositions by Plaintiffs and **15** by Defendants unless extended by agreement or court order.

H. Any party may, by motion with the Court, move for additional written discovery.

I. Each deposition is limited to a maximum of **7** hours unless extended by agreement/stipulation.

J. The parties do anticipate expert witnesses in this case. The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) in compliance with Rule 26(a)(2) by:

i. **October 1, 2026**, for Plaintiffs;

ii. **November 19, 2026**, for Defendants;

iii. **December 18, 2026**, for Rule 26(e) supplements.

5. **Other Items.**

The last date that any party may seek permission to join additional parties and to amend the pleadings is **April 30, 2026**.

The time to file Rule 26(a)(3) pretrial disclosures and motions for summary judgment will be governed by separate court order.

The case should be ready for jury trial by **May 2027** and, at this time, is expected to take approximately five to seven days.

At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

6. **Alternative Dispute Resolution.**

The case's settlement prospects may be enhanced via the following ADR procedure:

Mediation by **August 31, 2026**

The parties have not yet agreed upon a mediator.

Respectfully submitted:

Date: February 3, 2026

*/s/Michael J. Bruzzese (with permission)* _
Counsel for Plaintiff

*/s/ Kristina A. Coleman*______________
Counsel for Defendant Cargill, Incorporated

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 3, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Kristina A. Coleman*